Filed 7/24/24  P. v. Corona-Chavolla CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE LEONARDO CORONA-CHAVOLLA,<br><br>    Defendant and Appellant. | F086395<br><br>(Super. Ct. No. LF013495A)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

J. Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Franson, Acting P. J., Smith, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This is an appeal from a final judgment following a jury trial, authorized by Penal Code section 1237, subdivision (a)[1] and rule 8.204(a)(2)(B)[2] of the California Rules of Court.

## STATEMENT OF THE CASE

On May 8, 2023,[3] the Kern County District Attorney filed an amended information charging Corona-Chavolla with criminal threats (§ 422; count 1), a felony. The information alleged he committed a crime that involved the threat of great bodily harm, and was cruel, vicious, or callous pursuant to rule 4.421(a)(1).

A jury trial commenced on May 8 and concluded on May 10 when the jury returned with a guilty verdict on count one.

On June 7, Corona-Chavolla was sentenced to serve the middle term of two years in state prison, with credit for 116 actual days, and 116 days conduct credit, for a total of 232 days credit for time served. He was also ordered to pay a $30 conviction assessment fee (Gov. Code, § 70373), a $40 court security fee (§ 1465.8, subd. (a)(1)), and a $300 restitution fine (§ 1202.4, subd. (b)), with an additional $300 fine suspended pending successful completion of parole (§ 1202.45).

On June 8, Corona-Chavolla filed a timely notice of appeal.

## STATEMENT OF FACTS

On August 12, 2021, Corona-Chavolla contacted his estranged wife at her workplace. He then followed her to their child's daycare, and also followed her to her apartment complex. She refused to talk to him when she arrived home, so he called her on his cell phone and told her, "I'm going to break the window to your home, come

---

[1] All statutory references are to the Penal Code.

[2] All references to rules are to the California Rules of Court.

[3] All references to dates are to dates in 2023 unless otherwise stated.

inside, beat you up, and shoot myself in front of the kids." His wife called 911, and officers responded. Police found him 500 yards away from his wife's apartment, parked outside her gated complex. He was sitting in his car and did not have any weapons.

## APPELLATE COURT REVIEW

Corona-Chavolla's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Corona-Chavolla was advised he could file his own brief with this court. By letter on June 7, 2024, we invited Corona-Chavolla to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Corona-Chavolla.

## DISPOSITION

The judgment is affirmed.